UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Robert Merritt, | ) | C/A No. 6:09-02810-DCN-WMC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **Report and Recommendation** |
| vs. | ) | |
| | ) | |
| Tull Garald, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Robert Merritt (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The complaint names Tull Garald as the sole Defendant. The complaint should be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and for failure to effect service of process within the time period allowed by Rule 4(m) of the Federal Rules of Civil Procedure.[1]

## **Background**

The instant civil action was filed on October 30, 2009. (Docket Entry No. 1). Plaintiff submitted a summons and Form USM-285 for the Defendant.[2] An Order authorizing the service of process on Defendant Garald was issued on December 4, 2009. (Docket Entry No. 9).

On April 14, 2010, the United States Marshal's Office returned, unexecuted, the Form USM-285 for Defendant Garald. (Docket Entry No. 14). The Marshal's Office stated that

---

[1] Fed. R. Civ. P. 4(m) states as follows:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . .

[2] Plaintiff provided the following service address for the Defendant: 7901 Farrow Road, Columbia, South Carolina 29203.

service was unsuccessfully attempted via certified mail on December 16, 2009. The Marshal's Office further stated that, on March 31, 2010, they were informed that the Defendant "sold Just Care back in October of 2009. A DMV check shows no record of Tull Garald in South Carolina."

In an Order issued on April 15, 2010, Plaintiff was given notice that Defendant Garald could not be served at the address provided on the summons and Form USM-285. (Docket Entry No. 17). The Order directed Plaintiff to provide a valid service address for the Defendant by May 3, 2010, and informed Plaintiff that failure to provide a valid service address could result in dismissal of the instant action. Plaintiff failed to respond to the Court's Order.

As set out above, a review of the record indicates that the time allowed by the Federal Rules of Civil Procedure for service on the sole Defendant in the instant action has expired. Defendant Garald has not been served with a copy of the summons and complaint and Plaintiff has failed to provide a valid service address for the Defendant. As Plaintiff has failed to prosecute his claims against Defendant Garald, this Defendant should be dismissed from the instant action. Thus, it is recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), or, in the alternative for violation of Rule 4 of the Federal Rules of Civil Procedure.

## **Recommendation**

It is, therefore, recommended that Plaintiff's claims against Defendant Garald, as well as the entire action, be dismissed *without* prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and for failure to effect service of process as required by Fed. R. Civ. P. 4(m). Plaintiff's attention is directed to the important notice on the next page.

May 18, 2010                                           s/William M. Catoe
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).